IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**LAURIE KNEUSS, Individually and**     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                 No. 2:20-cv-____

**ADVANCED CLINICAL**                     **DEFENDANT**
**EMPLOYMENT STAFFING, LLC**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Laurie Kneuss ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Jon Goldfarb of Wiggins Childs Patazis Fisher & Goldfarb, LLC, and Courtney Lowery and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendant Advanced Clinical Employment Staffing, LLC ("Defendant"), she states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1.  Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2.  Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the

FLSA as described, infra.

## II.  JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business in this District and a substantial part of the records of the violations alleged herein are in this District.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Alabama has personal jurisdiction over Defendant, and Defendant therefore "resides" in Alabama.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because Defendant resides in this district and, upon information and belief, the records and witnesses to the wage violations reside in this district.

## II.  THE PARTIES

7. Plaintiff is a citizen and resident of Livingston County, Michigan.

8. Defendant is a foreign limited liability company registered to do business in Alabama.

9. Defendant's registered agent for service in Alabama is Mary P. Flanagan at 28276 State Highway 75, Oneonta, Alabama 35121.

10. Defendant does business as ACES, LLC.

11. Defendant maintains a website at https://acesnursetravel.com/.

## IV.     FACTUAL ALLEGATIONS

12.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

13.    During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

14.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

15.    Defendant is an "employer" within the meaning set forth in the FLSA, 29 U.S.C. § 203(d), and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer and was engaged in interstate commerce as that term is defined under the FLSA.

16.    Defendant is a staffing agency that places Nurses and other healthcare workers with hospitals and other healthcare facilities.

17.    Defendant places health care workers in multiple states all over the country.

18.    Plaintiff was hired by Defendant and assigned by Defendant to work at healthcare facilities, such as the O'Connor Hospital in San Jose, during the three years preceding the filing of this Complaint,.

19.    Plaintiff worked for Defendant as an hourly-paid Nurse.

20. At all material times, Plaintiff was entitled to the rights, protection, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

21. Defendant classified Plaintiff and other Nurses as non-exempt from the overtime requirements of the FLSA and paid them an hourly wage.

22. Kneuss was employed as a Nurse from June of 2018 to the present.

23. Plaintiff and similarly situated Nurses worked in excess of forty (40) hours per week on a regular, typical basis while working for Defendant.

24. Nurses, including Plaintiff, typically sign on to work for Defendant for four to twelve weeks, after which Nurses can choose to extend their employment by signing another contract.

25. If Nurses do not take any time off during the length of their contract, at the end of the contract term they receive a $500.00 bonus.

26. These nondiscretionary bonuses were a form of compensation to the Plaintiff and similarly situated Nurses.

27. During weeks in which Plaintiff and similarly situated employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiff and similarly situated employees, nor did Defendant provide a retroactive overtime adjustment to account for the bonus.

28. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in

with other earnings to determine the regular rate on which overtime pay must be based."

29. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as the nondiscretionary bonus, in the regular rate when calculating Plaintiff's and similarly situated employees' overtime pay.

30. Upon information and belief, Defendant's bonus policy was the same at all of its locations.

31. Nurses' pay was also subject to shift differentials.

32. It was Defendant's commonly applied policy to pay Plaintiff and other Nurses different hourly rates depending on the type of work being performed and/or the number of hours worked in a single day.

33. However, Defendant did not pay Plaintiff or other Nurses one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) in a week.

34. Plaintiff and other Nurses were and are entitled to overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week

35. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     REPRESENTATIVE ALLEGATIONS

36. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

37. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38.     Plaintiff brings her FLSA claim on behalf of all persons who were, are, or will be employed by Defendant as similarly situated hourly employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A.     Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

   B.     Liquidated damages; and

   C.     The costs of this action, including attorney's fees.

39.     Plaintiff proposes the following collective under the FLSA:

**All hourly-paid Nurses who received a bonus in connection with work performed in any week in which they worked over forty hours.**

39.     The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40.     The proposed FLSA collective members are similarly situated in that they share these traits:

   A.     They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

   B.     They were paid hourly rates;

   C.     Their pay was subject to shift differentials;

   D.     They recorded their time in the same manner;

   E.     They were eligible for and received a nondiscretionary bonus; and

   F.     They were subject to Defendant's common policy of improperly calculating

overtime pay for hours worked over forty (40) per week.

41. Plaintiff is unable to state the exact number of the potential FLSA collective members but believes that the group exceeds one hundred (100) persons.

42. Defendant can readily identify the FLSA collective members. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

43. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

44. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

45. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

46. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of forty (40) per workweek.

47. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including nondiscretionary

bonuses, for Plaintiff in her regular rate when calculating her overtime pay.

48. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

49. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

50. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

51. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

52. Plaintiff brings this collective action, on behalf of herself and all hourly-paid employees who received nondiscretionary bonuses and were employed by Defendant, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours she and they worked in excess of forty (40) each week.

53. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

54. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiff and those similarly situated in their regular rate when

calculating their overtime pay.

55. In the past three years, Defendant has employed more than one hundred (100) hourly-paid employees who were eligible for nondiscretionary bonuses.

56. Upon information and belief, Plaintiff and all or almost all hourly-paid employees who received nondiscretionary bonuses regularly worked more than forty (40) hours in a week.

57. Upon information and belief, Defendant failed to pay these employees at the proper overtime rate.

58. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

59. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

60. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for relief as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to

all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

      B.     Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

      C.     Judgment against Defendant for violation of the overtime provisions of the FLSA;

      D.     Judgment that Defendant's violations as described above were willful;

      E.     An award in an amount equal to Plaintiff's and the collective members' unpaid back wages at the applicable overtime rate;

      F.     An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

      G.     An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

      H.     An award of prejudgment interest to the extent liquidated damages are not awarded;

      I.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

      J.     For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Respectfully submitted,

**LAURIE KNEUSS, Individually and on Behalf of all Others Similarly Situated, PLAINTIFF**

WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB, LLC
301 19TH STREET NORTH
BIRMINGHAM, ALABAMA 35203
TELEPHONE: (205) 314-0188
FACSIMILE: (205) 254-1500

/s/ Jon C. Goldfarb
Jon C. Goldfarb (asb-5401-f58j)
jcg@wigginschilds.com

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com
*Motion for PHV Pending*

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*Motion for PHV Pending*