IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAURIE KNEUSS**, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:20-cv-00773-MHH |
| **ADVANCED CLINICAL EMPLOYMENT STAFFING, LLC**, | ) ) ) ) | |
| Defendant. | ) | |

## BRIEF IN SUPPORT OF DEFENDANT'S RENEWED PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED AND SUBSTITUTED COMPLAINT

Plaintiff Laurie Kneuss's First Amended and Substituted Complaint—Collective Action [Doc. 25] is due to be dismissed in part because Kneuss's claim with respect to the $500.00 travel option payment still fails to state a claim against Defendant Advanced Clinical Employment Staffing, LLC (hereinafter "ACES") as a matter of law. In the Amended Complaint, Kneuss again asserts claims under the Fair Labor Standards Act ("FLSA") based on allegations that ACES failed to pay Plaintiff lawful overtime compensation because ACES did not include a payment for foregoing travel—an alleged "nondiscretionary bonus"—in the calculation of

Kneuss's "regular rate."[1] Neither the FLSA nor the nature of the $500 payment provide support for her claims, and those claims, as restated in the Amended Complaint, are due to be dismissed.

Pursuant to the Court's instruction at the hearing on ACES's Motion to Dismiss, ACES adopts and incorporates the arguments concerning this $500.00 travel option payment from the previously filed Motion to Dismiss [Doc. 6], the Memorandum of Law in Support thereof [Doc. 7], and the supporting Affidavit of Regina Allcorn [Doc. 7-1]. In addition to those arguments, the following discussion demonstrates that the $500 travel option payment is properly considered "other similar payments to an employee which are not made as compensation for his hours of employment" pursuant to Section 7(e)(2), that are properly excluded from the regular rate. *See* 29 U.S.C. § 207(e)(2); *Minizza v. Stone Container Corp. Corrugated Container Div. East Plant*, 842 F.2d 1456 (3rd Cir. 1988).

At the hearing of ACES's initial Motion to Dismiss, counsel for Kneuss and the Court questioned whether issues of fact existed with respect to the basis for the payment and whether the payment is, in Kneuss's counsel's phrasing, an "attendance bonus." But the contract does not support the argument that the $500 travel option payment is related to anything but travel. As evidenced by Kneuss's contract, nurses

---

[1] The First Amended Complaint acknowledges that it "includes minor, non-substantive edits intended to clarify and refine Plaintiff's original allegations against Defendant." [Doc. 25, ¶ 3]. Thus, it contains no new material allegations pertaining to the $500 payment.

can take time off *during* a contract and still receive the travel option payment, but they cannot take extended time off *between* two contracts and still receive the travel option payment.[2] In the present instance, Kneuss took time off during the contract period and still received the travel option payment. Had she taken extended time off between the two contracts, she would not have been eligible for the $500 travel payment but instead would have been eligible for a complete travel reimbursement.

The permissible amount of time off between two contracts is a function of ACES's contractual obligation to pay travel reimbursements. A nurse desiring to enter into another contract following the expiration of her current contract has only two travel-related options. One is to take more than a week off (which results in a missed payroll), travel home between contracts, and have ACES reimburse her round-trip travel home and back to the facility;[3] the other option—and the one Kneuss selected—is to not miss a payroll and receive $500 for not traveling. Although there are prerequisites for the travel option payment (that the nurse sign on for an extension contract without missing payroll), the language of the contract is clear that the extension contract giving rise to the travel option payment is "in

---

[2] Doc. 7-1, p. 4 (showing Kneuss had approval to leave by 5:00 p.m. on October 8, 2019 and take time off from October 9, 2019 to October 13, 2019).
[3] *Id.* at p. 6.

reference to travel" and is a substitute for the travel reimbursement that the nurse would otherwise be entitled.[4]

The notion that the travel option payment should be considered tied to compensation—whether as an "attendance bonus" as argued at the hearing or as a "re-signing bonus" as described in the Amended Complaint—fails for yet another reason. Namely, there is a specific contractual provision describing the availability of a "completion bonus" if a nurse "arrive[s] on time for all shifts and complete[s] all shifts assigned by the Client during the term of this contract *without taking time off* or calling in sick …."[5] In other words, the parties to the contract included a provision for an "attendance bonus," and a contractual reading that interprets the travel option payment as an attendance bonus is unnecessary and inconsistent with the remainder of the contract. Moreover, the contractual amount specified for the "completion bonus" is zero, further bolstering the point that neither ACES nor Kneuss had any intention or expectation of the $500 payment being an attendance bonus.[6]

The Court denied ACES's Motion to Dismiss without prejudice and ordered the parties to conduct limited discovery pertaining to the conditions necessary for an employee to receive the travel option payment. Neither party took depositions.

---

[4] Doc. 7-1, p. 6.
[5] *Id.* at p. 4.
[6] *Id.*

Kneuss served Interrogatories and Requests for Production, to which ACES served responses. Those responses demonstrate that no factual issues need to be resolved with respect to the $500.00 travel option payment. Consistent with the language of the contract, ACES's responses reiterate that, in order to qualify for the $500 payment, a nurse is required to enter into a subsequent contract at the same facility, thereby eliminating the need for travel and the necessity of a travel reimbursement, without missing an ACES payroll. This travel payment option is only offered to individuals who are saving ACES travel expenses and accordingly, is due to be excluded from the "regular rate" pursuant to Section 7(e)(2) of the FLSA.

## **CONCLUSION**

As detailed above, Plaintiff's FLSA claims pertaining to the $500 travel option payment are insufficient as a matter of law. Defendant therefore respectfully requests that those claims be dismissed with prejudice.

Dated: November 19, 2020

                                                 Respectfully submitted,

                                               *s/Bryan Hale*
                                               Bryan G. Hale (asb-6964-a55h)
                                               Andrew D. Perreault (asb-4760-r80p)
                                               GOFORTH HALE LLC
                                               2226 1ST Ave. South
                                               Unit 105
                                               Birmingham, Alabama 35233

(205) 403-5896 (Phone)
(205) 383-2807 (Facsimile)
Bhale@ghattorney.com
APerreault@ghattorney.com

*Attorney for Defendant ACES, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2020, I electronically filed a true and correct copy of the foregoing, with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to the following counsel of record:

JON C. GOLDFARB
WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203

JOSH SANFORD
COURTNEY LOWERY
SANFORD LAW FIRM, PLLC
650 S. Shackleford Suite 411
Little Rock, AK 72211

*s/Bryan Hale*
Bryan G. Hale