UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURIE KNEUSS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ADVANCED CLINICAL EMPLOYMENT STAFFING, LLC<br><br>    Defendant. | Case No.: 2:20-cv-00773-MHH |

## MEMORANDUM OPINION AND ORDER

In this Fair Labor Standards Act case, plaintiff Laurie Kneuss alleges that Advanced Clinical Employment Staffing, LLC – ACES – improperly excluded a $500 payment from her weekly compensation for purposes of calculating her overtime compensation.[1] ACES contends that, as a matter of law, the FLSA permits exclusion of the $500 payment for purposes of calculating overtime compensation. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, ACES has asked the Court to

---

[1] Ms. Kneuss asserts several FLSA claims in her first amended complaint. (Doc. 25, p. 5, ¶¶ 26, 29; p. 8, ¶ 48). In its motion to dismiss, ACES challenges only her claims relating to the $500 payment. (Doc. 29, p. 5).

1

dismiss Ms. Kneuss's claims for overtime compensation tied to the $500 payment. This opinion resolves ACES's motion.

## Motion to Dismiss Standard

A defendant may move to dismiss a complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint may not be dismissed for failure to state a claim "unless it appears beyond a doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231–32 (11th Cir. 2000) (quoting *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir. 1997)). When evaluating a Rule 12(b)(6) motion, a district court must accept all well-pleaded facts as true and view the facts in the light most favorable to the non-moving party. *Sun Life Assurance Co. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018).

Normally, when ruling on a motion to dismiss, a district court will consider only the factual allegations on the face of the complaint and the documents a plaintiff attaches to her complaint. *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). "[H]owever, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss," the district court will consider that document. *Stephens*, 500 F.3d at 1284. Here, Ms. Kneuss refers to

employment contracts with ACES in her complaints, (*see*, *e.g.*, Doc. 1, p. 4, ¶¶ 24, 25; Doc. 25, pp. 5, 7, ¶¶ 25–26, 44–45), and ACES included a copy of a service contract signed by Ms. Kneuss with its initial motion to dismiss, (Doc. 7-1). The contract, which lays out the conditions for the potential $500 payment, is central to Ms. Kneuss's FLSA claim, and the parties do not dispute the contract's contents. Accordingly, the Court views the factual allegations in the light most favorable to Ms. Kneuss and considers the terms of ACES's contract without converting ACES's motion to dismiss into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## Factual Allegations and Procedural History

ACES is a staffing agency that places healthcare workers in hospitals and healthcare facilities throughout the country. (Doc. 25, p. 4, ¶¶ 17, 18). ACES hired Ms. Kneuss as a nurse and placed her in healthcare facilities from June 2018 to June 2020. (Doc. 25, pp. 4–5, ¶¶ 19, 20, 23). ACES classifies nurses as non-exempt from the FLSA's overtime requirements and pays them an hourly wage. (Doc. 25, p. 4, ¶ 22). Nurses sign contracts to work at a healthcare facility for four to twelve weeks. (Doc. 25, p. 5, ¶ 25). At the end of the term, the nurses may extend their placement by signing another contract. (Doc. 25, p. 5, ¶ 25).

If a nurse agrees to remain at a facility for an additional term and does not travel home or take more than a week off between contract periods, ACES pays the nurse

$500. (Doc. 7-1, p. 6). Ms. Kneuss alleges that nurses are made aware of the potential $500 payment when they begin their first contract term with ACES, and she contends that ACES must provide the $500 payment if a nurse meets the criteria for the payment. (Doc. 25, p. 5, ¶¶ 27, 28). Ms. Kneuss and other nurses received the $500 payment in connection with work performed during weeks in which they worked more than 40 hours. (Doc. 25, p. 6, ¶¶ 32, 33). For weeks that Ms. Kneuss worked more than 40 hours, ACES calculated her overtime pay based on her hourly rate. (Doc. 25, p. 6, ¶ 34). ACES did not include the $500 payment in its overtime calculation when Ms. Kneuss received the payment. (Doc. 25, ¶ 34).

Ms. Kneuss filed this action to compel ACES to include her $500 payment in her weekly compensation for purposes of calculating her overtime compensation. (Doc. 1). In her original complaint, she asserted that ACES's failure to include the $500 payment in her weekly compensation for the purposes of calculating her overtime wages for a workweek violated 29 U.S.C. § 207 and its accompanying regulations. (Doc. 1, p. 7, ¶¶ 46, 47). Ms. Kneuss brought the overtime claim individually and collectively on behalf of similarly situated nurses under § 16(b) of the FLSA, 29 U.S.C. § 216(b). (Doc. 1, p. 5, ¶ 37).

ACES moved to dismiss Ms. Kneuss's initial complaint under Rule 12(b)(6). (Doc. 6). In support of its motion, ACES placed one of Ms. Kneuss's contracts in the record. (Doc. 7-1). In opposition to ACES's motion to dismiss, Ms. Kneuss filed an

4

affidavit, a highlighted copy of an ACES contract, and an affidavit from her attorney describing the need for discovery.  (Docs. 12-1, 12-2, 12-3).[2]  A provision in Ms. Kneuss's contract labelled "Extension Contract" describes the $500 payment.  The provision states:

> An extension contract is defined as a continuation of the original contract terms in reference to travel.  If there is no break in service and no payroll weeks missed, the mileage/airfare expense loan reimbursement clause . . . is not applicable.  In order for this clause to be applicable, you must take off a week or longer and return home, without payroll for that time off, then return to start a new contract.  Those who extend their contracts 4 weeks or longer and never miss any payroll, will be eligible for a $500.00 completion bonus to be paid at the end of the extension.  Aces will change any flights, if applicable, for extensions.

(Doc. 12-2, p. 4).

After oral argument on ACES's first motion to dismiss, the Court denied the motion without prejudice and gave the parties 60 days to conduct "limited discovery concerning the nature of the $500 payment at issue in this FLSA action."  (Doc. 23).  The Court stated:  "At the conclusion of that discovery, ACES may file a renewed motion to dismiss or a motion for summary judgment."  (Doc. 23).

---

[2] ACES submitted a contract signed by Dallas Tillman, an ACES representative, on August 6, 2019 and signed by Ms. Kneuss on August 29, 2019.  (Doc. 7-1, p. 10).  Ms. Kneuss submitted a contract signed only by Mr. Tillman on November 25, 2019.  (Doc. 12-2, p. 8).  Although these are distinct contracts, the terms of the agreements are identical.  The Court's analysis applies equally to both.

Ms. Kneuss then amended her complaint. (Doc. 25). She added additional FLSA claims against ACES, including another individual and collective claim for overtime miscalculation and an individual claim for retaliation. (Doc. 25, p. 2, ¶ 3).[3]

Following the discovery period, ACES filed a partial motion to dismiss. (Doc. 28). ACES argues again that Ms. Kneuss has failed to state a claim arising from the company's refusal to include the $500 payment in the calculation of overtime payments. (Doc. 28, p. 1). In its brief, ACES relies on its contract with Ms. Kneuss and its responses to Ms. Kneuss's written discovery requests. (Doc. 29, p. 5; *see also* Doc. 28, p. 1).[4]

## Discussion

Under the FLSA, an employer must compensate an employee who works more than 40 hours in a workweek "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). As defined in § 207(e), the term "regular rate" includes "all remuneration for employment paid to, or on behalf of, the

---

[3] The new overtime claims relate to what Ms. Kneuss characterizes as a $15 per hour "on call" bonus that she received from ACES. (Doc. 25, p. 5, ¶ 29). She alleges that ACES failed to account for these payments when calculating her overtime compensation, thereby violating the FLSA. (Doc. 25, p. 6, ¶ 34). For her retaliation claim, Ms. Kneuss asserts that ACES has refused to offer her new employment contracts because she filed this lawsuit. (Doc 25, p. 7, ¶¶ 43–48). Neither claim is at issue in this motion.

[4] Although ACES tangentially relies on discovery responses in parts of its brief, the Court does not have to consider those responses to rule on ACES's motion to dismiss. Therefore, the Court will evaluate ACES's motion under Rule 12 rather than Rule 56 of the Federal Rules of Civil Procedure. *See, e.g.*, *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005) (applying the motion to dismiss standard of review when considering only the facts pleaded by the plaintiff and a contract attached to the defendant's motion to dismiss).

employee," subject to eight categories of excludable payments found in §§ 207(e)(1)–(8). Categories of excludable payments include discretionary bonuses and payments not made as compensation for hours of employment, such as vacation and sick leave pay and reimbursements. 29 U.S.C. §§ 207 (e)(2)–(3). When calculating overtime compensation, an employer must include in the employee's regular rate all payments that do not fall under the eight exclusions. 29 U.S.C. § 207(e). The Supreme Court has held that nothing in the text of the FLSA indicates that courts should interpret the exclusions to the regular rate narrowly. Instead, courts should give the exclusions a "fair reading." *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018).

ACES argues that the $500 payment at issue is a "travel option payment" excludable from Ms. Kneuss's regular rate under § 207(e)(2). (Doc. 7, p. 3; Doc. 29). That FLSA provision excludes from an employee's regular rate:

> payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; reasonable payments for traveling expenses, or other expenses, incurred by an employee in furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment.

29 U.S.C. § 207(e)(2). These excludable payments "do not depend on hours worked, services rendered, job performance, or other criteria that depend on the quality or quantity of the employee's work." 29 C.F.R. § 778.224(a); *see also Reich v. Interstate Brands Corp.*, 57 F.3d 574, 578 (7th Cir. 1995) (finding that "other similar payments"

7

under § 207(e)(2) are "payments that do not depend at all on when or how much work is performed"). Although § 207(e)(2) does not list all the types of similar payments, "[i]t is clear the clause was not intended to permit exclusion . . . of payments such as bonuses . . . which, though not directly attributable to any particular hours of work are, nevertheless, clearly understood to be compensation for services." 29 C.F.R. § 778.224(a); *see also Featsent v. City of Youngstown*, 70 F.3d 900, 904 (6th Cir. 1995) ("Section [207](e)(2) does not exclude every payment not measured by hours of employment from the regular rate.").

Generally, under § 207(e)(2), employers may exclude payments for non-work from an employee's regular rate of pay. *See Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901 (9th Cir. 2004) (payments for lunch periods when employees did not work excludable under § 207(e)(2)); *Minizza v. Stone Container Corp. Corrugated Container Div. East Plant*, 842 F.2d 1456 (3d Cir. 1988) (lump sum payments given as incentive to ratify a collective bargaining agreement excludable from the regular rate under § 207(e)(2)). ACES urges the Court to follow *Minizza* and *Ballaris*, two non-binding opinions, and exclude the $500 payment from Ms. Kneuss's regular rate as a payment for non-work.

In *Minizza*, the Third Circuit Court of Appeals held that the defendant employers properly excluded from their employees' regular rate under § 207(e)(2) two lump sum bonuses paid pursuant to a collective bargaining agreement. 842 F.2d at 1463. The

8

employers paid the bonuses, for which only fully active employees qualified, in exchange for employees ratifying a collective bargaining agreement under which they would forego a wage increase. *Minizza*, 842 F.2d at 1458. The Court of Appeals found that the phrase "other similar payments" in § 207(e)(2) includes "payments not tied to hours of compensation, of which payments for idle hours and reimbursements are only two examples." 842 F.2d at 1461. The Court of Appeals stated that the employers properly excluded the bonus payments from employees' regular rate under § 207(e)(2) because the payments did not relate to the number of hours an employee worked, and eligibility for the payments did not "require specific service." *Minizza*, 842 F.2d at 1460–62. Instead, the payments were a tool for dispute resolution in the collective bargaining process. *Minizza*, 842 F.2d at 1463.[5]

In *Ballaris*, the Ninth Circuit Court of Appeals held that payments the employer made to employees for lunch breaks were properly excluded from employees' regular rate under § 207(e)(2). 370 F.3d at 909. The Court of Appeals found that § 207(e)(2) excludes from an employee's regular rate hours spent on activities "which would not

---

[5] A panel judge dissented in *Minizza*, finding that the district court properly concluded that the bonus payments were in lieu of compensation and substitutes for hourly compensation for services performed. *Minizza*, 842 F.2d at 1463–66 (Sloviter, J., dissenting). Judge Sloviter noted that under 29 C.F.R. § 778.211, "any bonus which is promised to employees upon hiring *or which is the result of collective bargaining would not be excluded from the regular rate under this provision of the Act*." *Minizza*, 842 F.2d at 1466 (Sloviter, J., dissenting) (emphasis in *Minizza*) (referring to 29 U.S.C. § 207(e)(3)). Judge Sloviter concluded: "I thus find no statutory support for the majority's position that the statute requires exclusion from the 'regular rate of pay' of bonuses bargained for and paid to employees who must have worked a specified period before they could be eligible therefor." *Minizza*, 842 F.2d at 1466 (Sloviter, J., dissenting).

9

be regarded as working time under the [FLSA] if no compensation were provided." 29 C.F.R. § 778.320; *Ballaris*, 370 F.3d at 908–09. These activities include bona fide meal periods. *Ballaris*, 370 F.3d at 909 (citing 29 C.F.R. § 778.320(b)). In *Ballaris*, the employer and the employees agreed that the employees' lunch period should be regarded as "non-working time" that was not included in the employees' regular rate. 370 F.3d at 909. Based on this agreement, the Court of Appeals concluded that payments for lunch periods were "an additional benefit for employees and not compensation for hours worked" and were therefore properly excluded from the regular rate under § 207(e)(2). *Ballaris*, 370 F.3d at 909.

The payments at issue in *Minizza* and *Ballaris* are not like the $500 payment at issue here. The $500 "completion bonus" that ACES describes in its contract is available only to nurses who extend their contracts by "4 weeks or longer and never miss any payroll." (Doc. 12-2, p. 4). Viewed in the light most favorable to Ms. Kneuss, the $500 payment incentivizes nurses not to miss work and not to take a break between contract terms so that the hospitals at which they work may rely on their continuous availability. Under ACES's contract, the "$500.00 completion bonus [is] to be paid at the end of the [contract] extension." (Doc. 12-2, p. 4). In contrast, in *Minizza*, the two bonus payments were not pegged to "how many hours an employee worked during that period, nor how many hours he might work in the future. The employee could even terminate his employment immediately upon receiving the

10

payment and retain the payment." *Minizza*, 842 F.2d at 1460. Ms. Kneuss earned an ACES $500 completion bonus by working for the entire term of a contract extension. Therefore, the $500 payment is tied to when and how much a nurse works and is not excludable under § 207(e)(2).[6]

At the hearing on ACES's first motion to dismiss, the Court asked the parties whether the $500 payment is excludable under § 207(e)(3). Under § 207(e)(3), a payment is not part of an employee's "regular rate" of pay if:

> both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly . . . .

29 U.S.C. § 207(e)(3). In other words, discretionary bonuses are excluded from an employee's regular rate of pay. For a bonus to be discretionary, "the employer must retain discretion both as to the fact of payment and as to the amount until a time quite close to the end of the period for which the bonus is paid." 29 C.F.R. § 778.211(b). "If the employer promises in advance to pay a bonus, he has abandoned his discretion with regard to it." 29 C.F.R. § 778.211(b).

Unlike discretionary bonuses, "[b]onuses which are announced to employees to induce them to work more steadily . . . or to remain with the firm . . ." must be included

---

[6] In contrast, under ACES's contract, at the end of a contract term, a nurse may take a break in service without pay and receive a travel disbursement for a trip home during the break, but the nurse, when he returns from his trip, "start[s] a new contract." (Doc. 12-2, p. 4) ("Extension Contracts" provision). A travel reimbursement payment is excludable under § 207(e)(2).

11

in an employee's regular rate. 29 C.F.R. § 778.211(c). "Most . . . bonuses contingent upon the employee's continuing in employment until the time the payment is made and the like are in this category; in such circumstances they must be included in the regular rate of pay." 29 C.F.R. § 778.211(c).

The "$500.00 completion bonus" under ACES's contract most closely resembles a nondiscretionary promised bonus under 29 C.F.R. § 778.211(c). In her amended complaint, Ms. Kneuss alleges that when ACES hired her, the company made her aware of the eligibility conditions for the bonus, namely that she not travel home between contract periods and not take more than a week off from work between contract terms. (Doc. 25, p. 5, ¶¶ 26–27). And ACES specified the amount of the bonus: $500. (Doc. 7-1, p. 6). This $500 completion bonus is an announced bonus "to induce [nurses] to work more steadily" and to "remain with" a hospital "until the time of payment," making the bonus non-discretionary and one that "must be included in the regular rate of pay." 29 C.F.R. § 778.211(c).

## Conclusion

For these reasons, the Court denies ACES's partial motion to dismiss Ms. Kneuss's claims related to the $500 payment.

**DONE** and **ORDERED** this September 29, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE